IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

THERESA VANDERMARK, as Administrator
of the Estate of James Vandermark,

                Plaintiff,

                                        Civ. Action No.
   v.                                   6:11-CV-0090 (TJM/DEP)

THE COUNTY OF MONTGOMERY, *et al.,*

                Defendants.

_____

APPEARANCES:                         OF COUNSEL:

THERESA VANDERMARK, *Pro Se*
13 Edson Street, 2nd Floor
Amsterdam, NY 12010

FOR DEFENDANTS KLAUSNER,
RIVERA, AND ANTOS:

KAUFMAN BORGEEST & RYAN LLP    KRISTOPHER M. DENNIS, ESQ.
120 Broadway, 14th Floor                 ALLISON T. McCABE, ESQ.
New York, NY 10271                        DEBORAH M. ZAWADZKI, ESQ.

FOR DEFENDANT TAN:

BURKE SCOLAMIERO MORARTI          KEVIN P. BURKE, ESQ.
& HURD LLP                                     THOMAS A. CULLEN, ESQ.
7 Washington Square
Albany, NY 12212

<u>FOR DEFENDANTS COUNTY OF
MONTGOMERY, AMATO, SMITH,
AND FRANCO</u>:

OFFICE OF THERESA J. PULEO     MURRY S. BROWER, ESQ.
P.O. Box 12699
Albany, NY 12212

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

This case involves the unfortunate death of James Vandermark in October 2009, while he was incarcerated in the Montgomery County Jail. In January 2011, plaintiff Theresa Vandermark, at the time represented by counsel, commenced this action in her capacity as administrator of the estate of the deceased, asserting various federal and pendent state law claims arising out of James Vandermark's death.

Plaintiff's counsel was granted leave to withdraw as her attorney of record in the action in July 2012. Since that time, Ms. Vandermark has been encouraged by the court to retain new counsel. On October 11, 2012, having received no indication that substitute counsel would be appearing in the action for the plaintiff, the court ordered plaintiff to show cause why the action should not be dismissed due to her failure to retain counsel to represent the estate of James Vandermark. Plaintiff has not responded to the court's order to show cause. Based upon these

2

circumstances, I now recommend that the action be dismissed.

I.      BACKGROUND

Plaintiff commenced this action on January 25, 2011. Dkt. No. 1. On September 25, 2011, plaintiff filed an amended complaint. Dkt. No. 25. At the time of these filings, she was represented by Elmer R. Keach, III., Esq. Ms. Vandermark initiated this action in her capacity as administrator of the estate of James Vandermark, based upon her appointment, on August 12, 2012, to act in that representational capacity. The complaint does not provide any indication as to the number and identities of any beneficiaries of the estate, although it does allege that, at the time of his death, James Vandermark had custody of his two young children. Amended Complaint (Dkt. No. 25) at ¶ 6; *but see* Transcript of Section 50-h Examination of Theresa Vandermark, dated February 4, 2011 (Dkt. No. 49) at 10 (plaintiff testifying at 50-h hearing that she had custody of James Vandermark's two children).

On July 3, 2012, the court issued an order granting Attorney Keach leave to withdraw as plaintiff's attorney of record. Dkt. No. 45. Following the issuance of that order, a telephone conference was conducted by the court on August 23, 2012, in which plaintiff and counsel for defendants participated. During that conference, I informed plaintiff that, because the action is brought by her in a representational capacity, in all likelihood, she

3

would not be permitted to proceed *pro se*, but instead would be required to secure legal representation for the estate. As a result, I granted her an additional forty-five days to retain an attorney.

A second telephone conference was scheduled in the action for October 4, 2012. On that date, however, both the defense attorney tasked with initiating the call and the court were unable to contact plaintiff for her participation in the conference.

In light of the fact that no notice of appearance by an attorney for the estate has been filed, I issued an order, *sua sponte*, on October 11, 2012, directing plaintiff to either retain new counsel on or before November 16, 2012, or show cause why the case should not be dismissed based upon her failure to appear through counsel. Dkt. No. 48. I also informed plaintiff that to proceed *pro se* in this action as a representative of James Vandermark's estate, she would have to submit an affidavit averring that James Vandermark's estate has no creditors, and that she is the sole beneficiary of that estate. Dkt. No. 48 at 4. The deadline for responding to that order to show cause has now expired, and plaintiff has failed to file a response with the court. In addition, the court has not received a notice of appearance on behalf of James Vandermark's estate indicating that Ms. Vandermark has retained legal representation.

II. DISCUSSION

It is well established that "[a] person who has not been admitted to the practice of law may not represent anybody other than himself." *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) (citing *Lattanzio v. COMTA,* 481 F.3d 137, 139 (2d Cir. 2007) and 28 U.S.C. § 1954); *see also Broadcast Music, Inc. v. Metro Lounge & Café, LLC,* No. 5:10-CV-1149, 2012 WL 4107807, at *5 (N.D.N.Y. July 18, 2012) (Baxter, M.J.). This rule recognizes the inherent challenges presented to an untrained lay person in attempting to navigate the law's complexities, and serves to protect not only the interests of the represented party, but also of all parties, the court, and the integrity of the judicial system. *Guest,* 603 F.3d at 20.

Here, the claims asserted against defendants include a violation of James Vandermark's Eighth Amendment rights, brought pursuant to 42 U.S.C. § 1983, and pendent state law claims of wrongful death and medical malpractice. Amended Complaint (Dkt. No. 25). Because of James Vandermark's death, these claims are properly commenced by an authorized representative of his estate. *See Barrett v. U.S.*, 689 F.2d 324, 331 (2d Cir. 1982) ("When a party dies before pursuing his cause of action under [section] 1983, the claim survives for the benefit of his estate if applicable state law creates a right of survival. Under New York law, the claim arising from the infringement of [the decedent's] civil rights survives

his death and may be asserted by his personal representative." (internal citations omitted)); *Wiwa v. Royal Dutch Petroleum Co.*, 96-CV-8386, 01-CV-1909, 02-CV-7618, 2009 WL 464946, at *7 (S.D.N.Y. Feb. 25, 2009) ("Pursuant to the New York wrongful death statute, only the 'personal representative, duly appointed in this state or any other jurisdiction, of a decedent who is survived by distributees may maintain an action to recover damages for a wrongful act, neglect or default which caused the decedent's death.'" (quoting N.Y. Est. Powers & Trusts L. § 5-4.1(1) (2008)); *Trustees of Masonic Hall and Asylum Fund v. Leavitt*, 84-CV-0991, 84-CV-0992, 2006 WL 1686405, at *14 (N.D.N.Y. June 7, 2006) (Munson, J.) ("If a person had a cause of action under [section] 1983, the cause of action survives for the benefit of that decedent's estate where applicable state law creates a right of survival."); *Baker v. Bronx Lebanon Hosp. Ctr.*, 53 A.D.3d 21, 23 (N.Y. App. Div. 3d Dep't 2008) (finding that a medical malpractice cause of action belongs to the decedent's estate). Indeed, Ms. Vandermark has asserted the claims in this action solely in the name of the estate, in her capacity as a representative of that estate. Accordingly, when acting *pro se*, she represents the estate, not herself, in derogation of the general rule prohibiting a non-lawyer from representing another party.

It is true that the Second Circuit has recognized, as a limited

exception to this general rule, the right of an administrator or executor of an estate to proceed *pro se* when there are no other beneficiaries or creditors of the estate, and thus no one other than the *pro se* representative stands to be affected by the outcome of the case. *Guest*, 603 F.3d at 20. In my order to show cause, plaintiff was advised of this limited exception, and was afforded the opportunity to submit an affidavit averring that she can meet its requirements. Dkt. No. 48 at 3-4. However, she has failed to do so.

The issue of legal representation has been raised by the court *sua sponte*, without motion of the defendants. I have done so based upon the court's responsibility to ensure that all parties appearing before it are appropriately represented. *Guest*, 603 F.3d at 20 ("[W]e consider whether all parties before the court are properly represented even in cases where the parties themselves did not raise the issue."); *accord*, *Broadcast Music, Inc.,* 2012 WL 4107807, at *5. Based upon the failure of plaintiff, who is suing in a representational capacity, to secure counsel, I recommend that this action be dismissed. *Cf. Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20 (2d Cir. 1983) (affirming district court's dismissal of action where corporation insisted on being represented by its agent, a non-attorney, *pro se* because "[i]n summary, . . . the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well

for his adversaries and the litigant").

I note that plaintiff's failure to answer the court's order to show cause and participate in a telephone conference concerning this action provides an independent ground for dismissal of her complaint. Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon a plaintiff's failure to comply with an order of the court. *See Link v. Wabash R.R. County Independent Sch. Dist.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). "This power to dismiss . . . may be exercised when necessary to achieve orderly and expeditious disposition of cases." *Freeman v. Lundrigan*, 95-CV-1190, 1996 WL 481534, at *1 (N.D.N.Y., Aug. 22, 1996) (Pooler, J.) (citing *Rodriguez v. Walsh*, 92-CV-3398, 1994 WL 9688, at *1 (S.D.N.Y., Jan. 14, 1994)). The power of a court to dismiss an action for failure to prosecute is inherent, and may be exercised *sua sponte*. *Lindsey v. Loughlin*, 616 F. Supp. 449, 453 (E.D.N.Y. 1985) (citing *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1388-89 ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly

and expeditious disposition of cases.")).

The decision of whether to dismiss a complaint for failure to comply with an order of the court and/or for failure to prosecute is informed by the following five factors:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assess the efficacy of lesser sanctions.

*Shannon v. Gen. Elect. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (failure to prosecute action) (internal quotation marks omitted); *see also Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (failure to comply with order of court).

I have carefully evaluated these factors, and find that they weigh decidedly in favor of dismissal. This action has been pending for nearly two years. In that time, little, if any, discovery has occurred, and the case is far from trial ready. During the time that has passed since commencement of the action in January 2011, it is likely that memories of the relevant events have faded, pertinent documents may have been discarded, and potential witnesses may have retired or left the employ of

the County of Montgomery for reasons unrelated to this action. *See, e.g., Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade. Given the age of this case [six years], that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse."). Moreover, I find that the need to alleviate congestion on the court's docket outweighs plaintiff's right to receive a further chance to be heard in this matter.

Finally, I have considered less-drastic sanctions, but find that none are suitable alternatives under the circumstances. For example, I have considered whether issuing further reprimands against plaintiff would persuade her to obtain counsel. I have also considered allowing plaintiff a final opportunity to appear *pro se* so she may explain her failure to comply with the court's order to show cause, and to inquire whether she meets the exception to the general rule that non-attorneys may not represent anyone's interests other than their own. Both of these options, however, appear futile in light of the fact that plaintiff failed to oppose her former attorney's motion to withdraw filed on May 29, 2012, failed to participate in the telephone conference scheduled on October 4, 2012, failed to update the court with her changes in addresses and telephone numbers on multiple occasions, and failed to respond to the court's order to show

cause with a return date of November 16, 2012.

For all of these reasons, I recommend dismissal of this action with prejudice.

III.  SUMMARY AND RECOMMENDATION

The plaintiff in this action has been given considerable opportunity to secure replacement counsel for her original attorney of record, but has failed to do so.  The plaintiff has also been specifically notified that, unless she is the sole beneficiary of the estate of James Vandermark, with no other beneficiaries or potential creditors, she must appear through counsel, rather than represent the estate *pro se*.[1]  Despite this and a directive that she show cause why the case should not be dismissed, plaintiff has failed to secure new counsel or respond to the court's show cause order.  Based upon these circumstances, it is therefore respectfully

RECOMMENDED that plaintiff's complaint in this action be DISMISSED with prejudice.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.  FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

---

[1]  Although speculative, it is worth noting that, in the court's view, there is little likelihood that plaintiff is the sole beneficiary of plaintiff's estate, as it appears that James Vandermark is survived by two sons.

11

APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:     December 13, 2012
              Syracuse, New York

David E. Peebles
U.S. Magistrate Judge